■ In the Matter of SCHUR MANAGEMENT COMPANY, LTD., Appellant, v DIVISION OF HOUSING & COMMUNITY RENEWAL, Respondent.—Order, Supreme Court, Bronx County (Bertram

Katz, J.), entered July 16, 1991, which denied and dismissed the petitioner's CPLR article 78 petition seeking to annul various determinations of the respondent Division of Housing and Community Renewal, unanimously affirmed, without costs.

The petitioner was properly precluded from relitigating the issue of the lawful rent of the apartment in issue which was established by the Rent Commissioner in a prior determination which it did not challenge.

As the Court of Appeals stated in *Staatsburg Water Co. v Staatsburg Fire Dist.* (72 NY2d 147, 153), "[i]n the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results." In this case, to allow the petitioner to relitigate the issues underlying the 1986 order would be to reward the petitioner for its lack of diligence, and additionally would undermine four subsequent determinations.

With respect to that portion of the petition which seeks to annul a July 12, 1990 determination of the respondent dismissing the petitioner's petition for administrative review of an earlier order, it is time-barred by the sixty day period of limitation (Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [d]).

The respondent's denial of the petition for administrative review was neither arbitrary, capricious nor an abuse of discretion. Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.